SOUTHERN PAC. CO. v. BOARD OF RAILROAD COM'RS et al.

(Circuit Court, N. D. California.   April 25, 1898.)

No. 12,129.

1. TAXATION OF RAILROAD PROPERTY—VALUATION—RETURN—ESTOPPEL—EVIDENCE.

The return by a railroad company of a valuation of a part of its property to the board of equalization does not constitute an estoppel, in an aggregate valuation of the whole property, made up in part by county assessors, but is nevertheless competent evidence of the value of such part of the property, to be considered in arriving at the valuation to be placed upon the whole property for the purpose of fixing rates of transportation.

2. PROCEEDINGS OF RAILROAD COMMISSIONERS—REDUCTION OF RATES—INTENTION OF COMMISSIONERS.

In a suit to enjoin the board of railroad commissioners from enforcing resolutions alleged to have been adopted reducing rates of transportation, the court will consider what the board did in reference to the disposition of such resolutions, but not what it or its members intended or threatened to do.

Mr. Herrin (J. C. Martin, J. E. Toulds, E. S. Pillsbury, and John Garber, of counsel), for complainant.

W. F. Fitzgerald, Atty. Gen. of Cal. (Robt. Y. Hayne and W. W. Foote, of counsel), for defendants.

MORROW, Circuit Judge (orally).   This is a suit in equity brought by the complainant against the board of railroad commissioners to enjoin the board from enforcing certain resolutions reducing the rates of transportation on grain and other freight on the lines of railroad operated by the complainant in the state of California. The complainant interposed 50 exceptions to the answer of the defendants, and 1 additional exception after the report of the master had been filed, making 51 exceptions in all. The exceptions were referred to Hon. A. C. Freeman, master pro hac vice, who has submitted an able report upon the issues involved in the bill of complaint, and the pertinence and materiality of the matters alleged in the answer, to which exceptions have been taken.   To the report of the master the complainant has filed 13 exceptions; and the defendants, 6 exceptions. The exceptions of the complainant refer mainly to the allegations contained in the answer respecting the valuations placed upon the railroad property returned to the board of equalization.   The answer sets up the provisions of the constitution and the law of the state, under which returns are made by the various railroad corporations in the state to the board of equalization concerning the actual value of the roadway, roadbed, rails, and rolling stock owned by such corporations, and, in accordance with such requirement, the returns of the complainant, fixing the valuation of the roadway, roadbed, rails. and rolling stock of the various lines of road leased to the complainant.   There is also an averment respecting the assessments made by the county assessors of the various counties through which the lines of road pass, fixing the value of the depots, stations, shops, buildings upon the right of way, water tanks, telegraph lines, sheds, signal apparatus, steamers, terminal yards, and all the railroad property not included under the designa-

tion of roadway, roadbeds, rails, and rolling stock; but, with respect to such assessments, it is not alleged that any returns were made by the complainant to the county assessors, upon which such assessments were based.

The valuation placed upon the roadway, roadbed, rails, and rolling stock by the board of equalization, and the valuation placed upon all the other property belonging to the railroads by the county assessors, constitute the aggregate valuation of the railroad property in the state for assessment purposes. Take, for instance, the case of the Central Pacific Railroad Company, one of the lines of road leased to the complainant. The state franchise, roadway, roadbed, rails, and rolling stock of this company are valued by the board of equalization, upon the return of the complainant, at $8,702,671 for the year 1894; and the value of its steamers in the state of California was at said time $224,139. The other property of the company, consisting of depots, stations, shops, sheds, water tanks, telegraph lines, yards, terminals, and all other property not included under the designation of "roadway, roadbed, rails, and rolling stock," is valued by the county assessors of the counties through which the road passes at $5,292,569 for the same period; making a total of the assessed value of the property of the company, $14,219,569. But it does not appear from the answer that the complainant made returns as to the value of the property upon which the county assessors based their valuation of $5,292,- 569. The claim of the answer is that the Central Pacific Railroad Company and the complainant, and each of them, are estopped from claiming that said valuation so given in and to said board of equalization was not the true value of said property, and that the complainant is estopped from having its rates of charges fixed upon any other basis. It does not appear to me that the return of the complainant of a valuation of a part of its property to the board of equalization constitutes an estoppel as to the valuation of that property in an aggregate valuation of the whole property made up in part by the county assessors. Such a return is, however, evidence of the value of the roadway, roadbed, rails, and rolling stock, to be considered in arriving at the actual valuation of the whole property. It is not to be excluded from the case because it does not amount to an estoppel. It is evidence that may be introduced in support of the allegations of the answer denying the valuation now placed upon the property by the complainant for the purpose of fixing rates for charges.

The exceptions interposed by the defendants to the master's report involve a consideration of the two resolutions of the board of railroad commissioners relating to a reduction of freight charges. It appears there were two resolutions offered and considered by the railroad commissioners. One provided for a reduction of rates on grain to the extent of 8 per cent.; the other, for a general reduction on all merchandise other than grain of 25 per cent. The first resolution was adopted; the second was not. In the bill the two resolutions are referred to in such a way as to appear as substantially one resolution. The answer sets out the proceedings relating to the two resolutions; showing that the first was adopted, and the other was not. It also alleges the intention of the railroad commissioners with respect to the second

resolution. The proceedings of the board in dealing with the resolutions appear to be, under the circumstances, relevant and material, but I cannot see how the intention of the board can be considered relevant. The court will consider what the board did, but not what it or its members intended or threatened to do in the future.

Without referring to the other exceptions, it will be sufficient to say that the report of the master is confirmed, for the reasons therein stated. The effect will be, in disposing of the various exceptions, as follows: The court will overrule exceptions numbered 1, and 11 to 13, inclusive, and sustain exceptions numbered 2 to 10. inclusive. That is on the exceptions taken by the complainant. The defendants have filed six exceptions to the report of the master. In respect to those, the court overrules exceptions numbered 3, 4, 5, and 6, and sustains exceptions numbered 1 and 2. As this does not indicate clearly the disposition made of the answer, because of the fact that there are some exceptions to portions of this answer that involve other exceptions,—there being also exceptions that were not pressed, and exceptions that were admitted and not resisted,—I find it necessary to make a general order with respect to the answer. The effect of the disposition of the report of the master will be as follows: That the exceptions to the answer numbered 3 to 11, inclusive, 13, 16, 21, 23 to 27, both inclusive, and 29 to 50, inclusive, will be sustained, and that exceptions numbered 1, 2, 12, 14 (except as sustained in exception 13), 15, 17, 18, 19, 20, 22, and 28, will be overruled. There was an exception filed after the report of the master (that is, exception 51), and that will be sustained. The direction of the court will be that an order be prepared in accordance with this memorandum, confirming the report of the master.